IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS ESPINOZA-JUAREZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:24-CV-1807-K |
| | § | (CRIMINAL NO. 3:19-CR-438-K) |
| UNITED STATES OF AMERICA, | § | |
| | | |
| Respondent. | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant Carlos Espinoza-Juarez's ("Espinoza-Juarez's") *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review, the motion is **DENIED**.

## I.    BACKGROUND

On September 11, 2019, Espinoza-Juarez was named in a three-count indictment charging him in counts one and three with conspiracy to possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin and five kilograms or more of a mixture or substance containing a detectable amount of cocaine, respectively, in violation of 21 U.S.C. § 846. Crim. Doc. 4. On October 9, 2019, he was named in an eight-count superseding indictment, charging him in five counts with conspiracy to possess with intent to distribute controlled substances. Crim. Doc. 35. Through counsel, Espinoza-Juarez negotiated a plea agreement pursuant to which he agreed to plead guilty to one count of conspiracy

to possess with intent to deliver 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846, and one count of laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), as charged in a July 7, 2020, superseding information. Crim. Docs. 149, 152. The plea agreement set forth the maximum penalties that could be imposed as to each count, the understanding that sentencing was wholly within the Court's discretion, that the plea was freely and voluntarily made and not the result of force, threats, or promises except as set forth, that there had been no guarantees or promises from anyone as to what sentence the Court would impose, that Espinoza-Juarez waived his right to appeal or otherwise challenge his conviction or sentence, and that he had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with counsel's legal representation. Crim. Doc. 152. Espinoza-Juarez also signed a factual resume that set forth the elements of the offenses charged by the superseding information and the stipulated facts establishing that he had committed each offense. Crim. Doc. 151.

On July 28, 2020, Espinoza-Juarez appeared in open court via video teleconference and testified under oath that: all of the written materials in the case had been translated for him; he was able to understand the proceedings; he understood the information and advice received from counsel and was satisfied with his representation; he understood the essential elements of each count of the superseding information and

he committed each of them; he signed the factual resume and all the facts contained in it were true and correct; he understood the maximum penalties he faced; he understood that the sentence was wholly in the Court's discretion; he signed the plea agreement after having it translated and discussing it with counsel and he understood everything in it; he understood that he was waiving his right to appeal or otherwise contest his sentence; no one promised him anything in exchange for his plea; and, he was pleading guilty because he committed the offenses charged by the superseding information. Crim. Doc. 423.

The probation officer prepared the presentence report ("PSR"), which reflected that Espinoza-Juarez's base offense level was 36. Crim. Doc. 196-1, ¶ 57. He received two-level enhancements for possession of a dangerous weapon and maintaining a drug premises, *id.* ¶¶ 58, 59, and a four-level enhancement for being an organizer or leader. *Id.* ¶ 61. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 65, 66. Based on a total offense level of 41 and a criminal history category of II, his guideline imprisonment range was 360 months to life; however, the statutorily-authorized maximum sentence was 60 years, so the guideline range became 360 to 720 months. *Id.* ¶ 88. The probation officer filed an addendum to include further information. Crim. Doc. 318-1. Espinoza-Juarez filed objections. Crim. Doc. 351. The probation officer prepared a second addendum to the PSR supporting the PSR as written. Crim. Doc. 389-1.

The Court sentenced Espinoza-Juarez to terms of imprisonment of 200 months as to each of counts 1 and 2, to run concurrently. Crim. Doc. 409. Espinoza-Juarez appealed, Crim. Doc. 413, despite having waived the right to do so. Crim. Doc. 152, ¶ 12. His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and was allowed to withdraw. The United States Court of Appeals for the Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issue for review and dismissed the appeal. *United Staes v. Espinoza-Juarez*, No. 22-10462, 2023 WL 3019683 (5th Cir. Apr. 20, 2023).

Espinoza-Juarez timely filed his motion under Section 2255, asserting five grounds in support. Civ. Doc. 2. Because the motion was filed in Spanish, the Court obtained a translated copy. Civ. Doc. 4. Espinoza-Juarez filed an amended motion, rewording the same five grounds. Civ. Doc. 8. The government opposes relief. Civ. Doc. 13.

## II.    ANALYSIS

Espinoza-Juarez's grounds are largely conclusory with the only specific allegation being that in February 2020 he made a verbal agreement with counsel that he would fall under level 24 of the sentencing guidelines and would not receive points for leadership, firearms, or storage. Civ. Doc. 8 at 7 (same as Civ. Doc. 4 at 10, 12). (Confusingly, he also describes an agreement whereby he would receive points for leadership, firearms, and storage. Crim. Doc. 8 at 14.)

To establish claims of ineffective assistance, Espinoza-Juarez must show: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's conduct the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 6888, 694 (1984). Conclusory allegations of ineffective assistance are insufficient to raise a constitutional issue. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

The record reflects that Espinoza-Juarez read every document before he signed it and understood what he was doing. Further, no one made any promise or representation as to the sentence he would receive. *See* Crim. Doc. 423. His "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In addition, his factual resume and plea agreement are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Those documents reflect that Espinoza-Juarez understood the charges against him, the penalties he faced, and what he was doing in entering into the plea agreement. The plea was not induced by force, threats, or promises.

To be clear, the plea agreement does not contain any provision regarding base offense level or adjustments that might be made. Crim. Doc. 152. Espinoza-Juarez offers no independent support for his contention that an agreement in this regard existed. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (movant

must produce independent indicia of the likely merit of his allegations, typically in the form of affidavits from reliable third parties, to be entitled to an evidentiary hearing). His mere subjective understanding as to what his sentence would be does not render his plea involuntary. *Spinelli v. Collins*, 992 F.2d 559, 561–62 (5th Cir. 1993). Nor is it rendered involuntary because of a misunderstanding based on counsel's inaccurate prediction that a lesser sentence would be imposed, even if that is what happened. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989; *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987).

Even if Espinoza-Juarez could show that his counsel's conduct fell below an objective standard of reasonableness, and he cannot, he has made no attempt to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). His failure to do so is fatal to his claims. *See United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (en banc) (movant must allege a nonfrivolous prejudice claim, i.e., he must show that going to trial would have given him a reasonable chance of obtaining a more favorable result). The PSR reflects that Espinoza-Juarez benefitted greatly from the plea agreement, facing a maximum sentence of 60 years instead of a guideline imprisonment term of life. Crim. Doc. 196-1, ¶¶ 88–89. And, the Court sentenced Espinoza-Juarez well below his guideline range.

As the government notes, the remainder of the grounds are conclusory and do not appear to be proper grounds in any event. Civ. Doc. 13 at 8–10. "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Espinoza-Juarez's request for clarification about drug quantities and allegations regarding his use of aliases and of sentencing disparity do not meet the test. Moreover, Espinoza-Juarez waived his right to appeal or collaterally attack his sentence except in certain limited circumstances not present here. Crim. Doc. 152, ¶ 12.

## III.   CONCLUSION

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

Signed April 29th, 2026.

_Ed Kinkeade_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

7